Shaw, C. J.
This is an action of replevin, brought by the plaintiff, an inhabitant of Nova Scotia, against the deputy sheriff, Mr. Tarbell, to regain possession of a British vessel called the “ Inquisitive,” which was attached by the defend *410 ant, on a writ brought by Copeland & Co., against James Edward Croucher, the master and mortgagor of the vessel, January 9, 1849. The vessel was replevied February 20, 1849.
The plaintiff claimed the vessel, under a deed of mortgage alleged to have been made by Croucher to himself, at Halifax, N. S., December 23, 1848, to secure the payment of ¿£900, Halifax currency; the deed of mortgage pm-ported to be signed, sealed, and delivered in presence of witnesses, to be recorded in the custom-house at Halifax, and a memorandum thereof entered on the original register of said vessel, on the same 23d December, 1848. Croucher was the master of the vessel, and came here in her as master.
The plaintiff, as mortgagee, after the attachment of the vessel made by the defendant, gave him notice of his mortgage, and of the amount due thereon, and demanded the same of the. defendant. No money was paid or tendered to the plaintiff, pursuant to this demand. This question of the amount due to the plaintiff, and the demand thereof, was left to the jury, who found for the plaintiff.
Several exceptions were taken on the trial to the admission of evidence, and to the instructions under which the cause was committed to the jury, by the judge before whom the cause was tried. The exceptions were allowed, and it now comes before the court on these exceptions.
1. The first is, that the mortgage appears to be in the form of an indenture, but is executed by the mortgagor alone. A deed containing all the requisites of a conveyance, duly executed and delivered, is valid to bind the grantor and pass the property, although in- the form of an indenture, and not executed by the grantee. It operates as a good deed poll. It is understood to be the most common form of conveyance and mortgage of real, as well as personal estate, in many of the states of the Union.
2. An objection was taken to the mortgage under which the plaintiff claims, on the ground that it was not duly recorded, indorsed on the register, and otherwise authenticated by the comptroller of the customs, according to the British navigation and registry acts.
*411 It was, in fact, recorded and certified by Edward F. Stewart, for the comptroller; and the evidence shows that, at the time of this registration, a comptroller of the customs for the port of Halifax had been appointed but was not then present, that said Stewart was chief clerk, and in the absence of the comptroller was the principal officer of the customs at the port of Halifax.
The mortgage being made in Nova Scotia, if good according to the laws of that place, must be considered as good here.
The law of Nova Scotia does require both that transfers of vessels, and also mortgages, shall be recorded, and the requisite certificates made by the collector and comptroller of the port, Stat. 8 & 9 Vict. c. 89, § 45; but a subsequent act, Stat. 8 & 9 Vict. c. 93, § 37, provides, that every act to be done by the collector and comptroller in any of her majesty’s possessions abroad, may be done by the collector, and any such act, done by the collector, or other principal officer of the customs, shall be as valid and effectual.
So in an analogous case, 8 & 9 Vict. c. 85, § 85, providing for the general management, &c., certain oaths are to be taken before the collector or comptroller, or before the persons acting for them respectively.
It recognizes the power of substitution. The evidence is decisive, that at the time this mortgage was recorded at the custom-house at Halifax, Stewart was the principal officer of the customs at Halifax. This testimony is furnished by Mr. Stewart himself, and Mr. Shannon, a lawyer, who testifies that such substitution is conformable to uniform usage, and is sanctioned by law. We are therefore of opinion that there is no foundation for this objection.
3. The next objection is, that by this mortgage no property in the vessel vested in the plaintiff, so as to enable him to maintain replevin against the defendant.
A mortgage deed, if valid, vests the property and title, as> between the owner and the mortgagee, in the latter; it is a de-' feasible title, upon the performance of a condition subsequent-but still it vests the property in the mortgagee.
This mortgage appears to have been valid by the laws of Nova Scotia. The British registry acts, expressly recognize *412 and regulate the right of mortgaging vessels. Stat. 8 & 9 Vict. c. 89, §§ 45-6.
It is to be noted in the record, and in the minute entered on the certificate, that the transfer is given as a security for a debt,
That the right of the mortgagor, to the possession and use of the vessel, shall not be superseded, and to exempt the mortgagee from liability, for the supplies and expenses of such vessel, the act cited further provides, that no such mortgagee shall be deemed owner,' except so far as may be necessary for the purpose of rendering such vessel available by sale or otherwise, for the payment of the debt, &c.
Sect. 46 provides, that when such transfer as security, by way of mortgage, has been duly registered, the right of the mortgagee shall not be affected by the bankruptcy of the mortgagor, although such bankrupt may have had the possession, order, and disposition of such vessel, and been the reputed owner thereof.
This seems to be quite decisive. The right of mortgaging property results from ownership. It is a conditional conveyance. The statute does not confer this light, but recognizes and regulates it. The mortgagee shall not be deemed owner, except, &c. Now this exception is equal to an express enactment, that, so far as it is necessary to give security to the debt, he shall be deemed owner. So, when the mortgagor becomes bankrupt.
It is held in Massachusetts, as the rule at common law, that a mortgage transfers the property, and, as between mortgagor and mortgagee, vests the property in the mortgagee. To I he extent of reclaiming the vessel, when attached by a creditor of the mortgagor, it is necessary to the secruity of the debt that the mortgagee be deemed owner of the vessel, and have a right to assert that claim as owner, against the officer and creditor thus attaching.
4. It is urged that replevin cannot be maintained, because the mortgagor had no possession nor right of possession.
The general rule certainly is, that the right of possession follows the right of. property when not specially restrained by compact, as it is not in this mortgage.
*413 It is true, that at common law, to make a valid sale, as against third parties, possession must accompany and follow the conveyance. But” this only applies to absolute conveyances, when the retaining of possession, by the vendor, being contrary to the avowed object of the sale, is regarded as a badge of fraud. But this rule is not applicable to mortgages, where the possession of the mortgagor is perfectly consistent with all the apparent purposes of a conveyance for the security of a debt.
But the provision of the British statute in force in Nova Scotia, where this mortgage was made, already cited, implies, that the vessel is to remain in the possession of the mortgagor, and provides that this circumstance shall not impair or affect the right of the mortgagee.
' In the present case the provisions of law appear to have been complied with, so that the mortgage was valid.
5. The next ground is, that although this mortgage was valid in Nova Scotia, by the English law, as between the parties, it would not be valid against the defendant. The reason relied on is, that possession of personal property is recognized by universal law, as one proof of title and evidence of property, and that this will not be controlled by statute, which cannot operate extra-territorially.
~We think a satisfactory answer is, that whatever operates as proof of property by the law of the place where it is, and where it is acquired, is proof of property everywhere. It establishes a right, a personal right, recognized everywhere. Possession is proof of property, both within the territory where it is acquired and elsewhere, but it is primd facie proof of property only, subject to be controlled by rebutting proof.
Then proof which shows that, although, when the vessel left the bounds of Nova Scotia, the master and former owner had the possession of her, yet, that by a transfer binding on him, and made conformably to the laws of the place where the property was when the transaction took place, and where the parties lived, by means of which the mortgagee had acquired a superior title, rebuts and controls the primd facie proof resulting from possession. This is not giving the stat *414 ute an extra-territorial-operation; it operated within the territory to transfer the title, so that when the vessel left the territory, the plaintiff had a valid qualified title as mortgagee.
Besides, the question here affects remedies. The defendant is a mere nominal party, an officer acting in behalf of the attaching creditor, who is contesting the right of the plaintiff as mortgagee. The attaching creditor claims a lien by force of his attachment, and the law authorizing it; the plaintiff claims a lien by contract, by a mortgage, valid in the place where made, and binding on the vessel, coming here subject to it. Both depend on the lex fori, the law of Massachusetts. Both being equally recognized as valid liens, the prior in time has the preference in right.
It is further insisted, that the plaintiff could not go on in this action of replevin, because there was no proof of his debt, and because he had no right of possession.
We understand that the question as to the existence and amount of the debt, was left to the jury and found- for the plaintiff.
In regard to the possession, we have already suggested that the right of possession follows the right of property. But further, supposing the attaching creditor had a right to attach the property subject to the plaintiff’s mortgage, and so that the original taking was not tortious ; the answer is, that as the plaintiff is pursuing a remedy under the laws of Massachusetts, he must take such remedy as her statutes afford. The right to attach mortgaged property is conditional. If the attaching officer has notice of the mortgagee’s debt, and it is demanded of him, an'd not paid within a time limited, Rev. Sts. c. 9, §§ 78, 79, the casus fcederis does not exist, and the statute expressly declares that the property shall be re stored to the mortgagee.
If it be argued that the word “ restored ” implies that the property, at the time of the attachment, was taken out of the possession of the mortgagee, we think one answer is, and the law assumes, that it is taken out of the constructive possession of the mortgagee. ■ But another, and perhaps more satis *415 factory answer is, that “ restore,” by the obvious meaning of the context and general tenor and object of the law, has a larger and more generic meaning, equivalent to the direction that it shall be surrendered and delivered to the mortgagee, from whom it is detained by the officer without law and against right. If there be any question respecting the right of possession as between the mortgagor and mortgagee, it would not be affected by such a surrender.
6. It was further insisted by the defendant’s counsel, that trespass and not replevin was the proper action in this case. It has been decided in several instances, that where personal property, under mortgage, is attached, and afterwards, when the mortgagee has given notice of his debt, and made his demand, but neither the officer nor attaching creditor pay the mortgage debt, although the original taking was lawful, trespass will lie. This probably proceeded on the doctrine, that an officer, by abusing or erroneously exercising his authority, becomes a trespasser ab initio. But if trespass would lie in this case, it does not follow that replevin will not; on the contrary, in general, when trespass will lie replevin will also. But by our statute replevin will lie, for a wrongful detention only; and here, though the original attachment might have been lawful when made, the subsequent detention was wrongful, and replevin is the proper remedy.

Judgment for the plaintiff.